**UNITED STATES of America, Plaintiff–Appellee,**

*v.*

**Robert MORALES, Defendant–Appellant.**

**No. 89–2053.**

United States Court of Appeals, Seventh Circuit.

Aug. 20, 1990.

Rehearing En Banc Denied Denied Sept. 27, 1990.

Before POSNER, RIPPLE and KANNE, Circuit Judges.

### ORDER AMENDING OPINION

The government in asking for rehearing in *United States v. Morales,* 902 F.2d 604 (7th Cir.1990), picks out one sentence of our opinion as stating a new test for when

---

a motion for a new trial in a criminal case should be granted. ("When, however, in a case in which a jury has convicted a person of a crime carrying a very long mandatory minimum penalty, the complete record, testimonial and physical, does not permit a *confident* conclusion that the defendant is guilty beyond a reasonable doubt, the district judge is obliged to grant a motion for a new trial." 902 F.2d at 608; emphasis in original.) We did not intend to state a new test but merely to indicate as part of a much longer discussion some of the considerations that had moved us to conclude that the appellant in *this* case passed the old test, the test of *Reed,* which both the government and we consider canonical.

Lest others be confused on this point, we have decided to substitute for the quoted sentence as it appears in the advance sheets the following as more precisely expressive of our intended meaning: "But the question of admissibility must be separated from that of weight. Evidence may be admissible without establishing a proposition with the degree of certainty required of the prosecution in a criminal case. If the complete record, testimonial and physical, leaves a strong doubt as to the defendant's guilt, even though not so strong a doubt as to require a judgment of acquittal, the district judge may be obliged to grant a new trial."