**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

VEE CHOONG CHIN, a/k/a Eric Veve,

No. 96-4826

a/k/a Eric Chin,
Defendant-Appellant.

NATIONAL ASSOCIATION OF CRIMINAL
DEFENSE LAWYERS,
Amicus Curiae.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Samuel G. Wilson, Chief District Judge.
(CR-93-87)

Argued: March 1, 1999

Decided: May 26, 1999

Before WILKINSON, Chief Judge, and HAMILTON and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Kenneth Zwerling, ZWERLING & KEMLER, P.C.,
Alexandria, Virginia, for Appellant. Thomas Ernest Booth, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for

Appellee. **ON BRIEF:** Joel B. Simberg, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. William J. Mertens, Jay T. Blount, SWIDLER & BERLIN, CHARTERED, Washington, D.C.; Barbara Bergman, UNIVERSITY OF NEW MEXICO SCHOOL OF LAW, Albuquerque, New Mexico, for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vee Choong (Eric) Chin appeals his conviction and sentence for conspiracy to import and distribute and for importing and distributing heroin. Chin contends that the district court applied the wrong standard when reviewing his motion for a retrial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, and that the court improperly failed to consider polygraph evidence at his sentencing hearing. Finding no error, we affirm.

I.

According to the government, Chin worked with another Malaysian national, Desmond Chong, at a Chinese restaurant in Fredericksburg, Virginia in the 1980s. In 1989 Chin moved to New York, and in 1991 Chong opened his own restaurant in Louisa, Virginia. While on a visit to assist with the renovation of the new restaurant, Chin allegedly suggested that Chong could make money by receiving drugs shipped to this country from Malaysia.

The government further alleges that Chong joined this smuggling scheme and that he facilitated two heroin shipments from Malaysia

2

through Virginia to New York. In December 1991 Chong received a package by mail and, on Chin's instructions, sent the package by courier to Chin in New York. In January 1992 Chong received two packages at a newly-rented post office box and, again on Chin's instructions, brought them to a hotel room in Fredericksburg and delivered them to two co-conspirators.

In February 1992 federal agents intercepted a package of heroin that was addressed to the Virginia post office box. The agents shipped the package on to its destination, and an accomplice of Chong's picked up the package and delivered it to Chong. Federal agents then executed a search warrant at Chong's residence, seized the package, and arrested Chong.

After further investigation the government obtained an indictment in May 1993 against Chin and six other defendants. The indictment charged Chin with conspiracy to import heroin, 21 U.S.C. § 963, conspiracy to distribute heroin, id. § 846, importation of heroin, id. § 952(a), and distribution of heroin, id. § 841(a)(1).

Chin was arrested in September 1995 and, after an initial mistrial, was convicted of eight of the ten counts charged. The district court sentenced him to 151 months in prison. This appeal ensued.

II.

Chin first contends that the district court erred in denying his motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Under Rule 33, a district court has the discretion to grant a new trial "if the interests of justice so require." Fed. R. Crim. P. 33. We hold that the district court articulated the proper standard in considering Chin's Rule 33 motion and that its denial of that motion was not an abuse of discretion.

A new trial is a drastic remedy intended for the rare case. Indeed, "[w]e have held that a district court should exercise its discretion to grant a new trial `sparingly' and that the district court should grant a new trial based on the weight of the evidence `only when the evidence weighs heavily against the verdict.'" United States v. Wilson, 118

F.3d 228, 237 (4th Cir. 1997) (quoting United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985)). The district court should examine all the evidence introduced at trial and -- unlike when ruling on a motion for acquittal -- the court may evaluate for itself the credibility of witnesses. Arrington, 757 F.2d at 1485. But a court should not lightly substitute its judgment for that of the jury. Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the court grant a motion for a new trial. Id.

Chin claims that his is such a case. In presenting its case against Chin, the government relied primarily on the testimony of Desmond Chong -- testimony that cast Chin's role in this conspiracy in the worst possible light and that minimized the role played by Chong. For example, Chong testified that Chin recruited him into the heroin ring by asking him to receive heroin from overseas. He further testified that he made arrangements at Chin's direction for the shipping and delivery of this heroin to other co-conspirators. As Chin himself notes, this testimony -- if believed by the jury-- was sufficient to convict Chin of all counts charged.

Chin contends that Chong perjured himself in order to secure favorable treatment from the government. And in ruling on Chin's Rule 33 motion the district court expressly stated that it did not find Chong entirely credible. Since the court noted that it "did not believe all of what Desmond Chong said," Chin argues that this lack of credibility fatally undermines the government's case. Without Chong's testimony, Chin asserts, his conviction rests only on a smattering of circumstantial evidence. Chin contends that only a new trial can ensure that a jury convicts him solely on credible evidence.

In denying Chin's motion, the district court stated that it did not "have an abiding conviction . . . that a miscarriage of justice would occur" if Chin were denied a new trial. Chin argues that this was an improperly strict standard for the grant of a new trial under Rule 33. We disagree.

It is clear from the record of the post-trial hearing that the district court properly considered Chin's motion for a new trial under the standard of Arrington. After considering the evidence in the record and the arguments of the parties the district court declared:

4

I can state and do state for the record that based upon the evidence presented I would not have found the defendant guilty beyond a reasonable doubt because I had some problems with the credibility of the witness. The jury didn't have those same problems. And as [the prosecutor] has pointed out, there was circumstantial evidence that if believed by the jury would corroborate the witness on essential elements of the offense pertaining to his guilt, the defendant's guilt. I cannot therefore state that I have an abiding conviction that the defendant is -- that a miscarriage of justice would occur. I can only state that I would not have reached the same result as the jury. And that's essentially where I find myself. I would not have reached the same decision as the jury, but I cannot say that the jury's verdict would work an injustice.

It is apparent that the district court did not agree with the verdict in this case. But "[a] judge's disagreement with the jury's verdict does not mandate a new trial." Arrington, 757 F.2d at 1486. The question under Rule 33 is whether the court's evaluation of the evidence adduced at trial "weighs so heavily against the verdict that it would be unjust to enter judgment." Id. at 1485; see also United States v. Robertson, 110 F.3d 1113, 1118 (5th Cir. 1997); United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992); United States v. Morales, 902 F.2d 604, 605-06 (7th Cir.), amended, 910 F.2d 467 (7th Cir. 1990). "[T]he trial judge's rejection of all or part of the testimony of a witness or witnesses does not automatically entitle a defendant to a new trial. The test is whether it would be a manifest injustice to let the guilty verdict stand." Sanchez, 969 F.2d at 1414 (internal quotation marks omitted). The district court correctly articulated this standard, and concluded explicitly that the jury's verdict would not work an injustice.

Furthermore, the district court did not abuse its discretion in applying the Arrington standard. Although troubled by some of Chong's testimony, the district court did not discount it entirely. In fact, the court qualified its concern by stating: "[h]aving said that I didn't believe all of what [Chong] said doesn't mean that I didn't believe substantial parts of some of his testimony." At sentencing, the court clarified that it believed that Chin played a "substantial," but not a

5

"managing or supervising" role in the conspiracy. Moreover, the prosecution pointed to and the court acknowledged telephone and hotel records supporting elements of its case. In sum,"the district court conducted a hearing, reviewed all the evidence, and considered the arguments from both parties before concluding that the interests of justice do not require a new trial." Arrington, 757 F.2d at 1486 (internal quotation marks omitted). This was not an abuse of discretion.

III.

Chin also contends that the district court improperly declined at sentencing to consider evidence of a polygraph examination that he had taken. The district court declined to consider this evidence on two grounds. First, this circuit has generally found polygraph evidence to be inadmissible. United States v. Sanchez, 118 F.3d 192, 197 (4th Cir. 1997); see also United States v. Scheffer, 118 S. Ct. 1261, 1265-66 & n.7 (1998) (recognizing the continued validity of such per se exclusionary rules and citing Sanchez). Second, the district court found this specific polygraph evidence particularly unreliable because there had been no opportunity for joint observation by the prosecution.

Chin argues that even evidence inadmissible at trial may be considered in sentencing proceedings. This is true so far as it goes, but that evidence must still bear some indicia of reliability. See U.S.S.G. § 6A1.3; United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). We hold that the district court did not abuse its discretion in declining to consider the polygraph evidence at sentencing.

IV.

For the foregoing reasons the judgment of the district court is

AFFIRMED.

6