**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony Maurice WASHINGTON and
Andre R. Hogan, Defendants–
Appellants.**

Nos. 98–2431, 98–2432.

United States Court of Appeals,
Seventh Circuit.

Argued April 7, 1999.

Decided July 8, 1999.

---

Randy G. Massey (argued), W. Charles Grace, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

William A. Shirley (argued), St. Louis, MO, for Defendant–Appellant Anthony M. Washington.

Eric W. Butts (argued), St. Louis, MO, for Defendant–Appellant Andre R. Hogan.

Before FLAUM, RIPPLE, and ROVNER, Circuit Judges.

ROVNER, Circuit Judge.

Anthony Washington and Andre Hogan were convicted of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. Their co-defendant Stanford Riley, Jr. was acquitted of the same charge, and co-defendant James Edward Harris was acquitted of aiding and abetting that conspiracy. On appeal, Washington and Hogan challenge the district court's denial of their motion for a judgment of acquittal or for a new trial, as well as a variety of other alleged errors by the district court.

I

The indictment alleged a conspiracy between January 1996 and June 1997. The DEA initiated an investigation in 1996, after it received information that Riley was storing cocaine for Washington and Hogan. A search of Riley's house revealed 880.4 grams of cocaine in the pockets of

Riley's jackets.[1] Riley acknowledged ownership of the coats, but denied knowledge of the cocaine. The agents also found a lockbox containing $4000. Again, Riley claimed the box but not its contents.

The investigation also revealed a March 1997 incident involving Dwight Eugene Flowers and Washington. At that time, the St. Louis County Police Department learned that Flowers was traveling from Houston to St. Louis with 2 kilograms of cocaine. The police subsequently found a shoebox containing two plastic bags of cocaine in Flowers' car parked at his St. Louis home. Two other plastic bags in the shoebox revealed cocaine residue. The officers also found $6000 on Flowers' person and in his residence. Flowers informed the police that he had obtained the drugs for Washington. In cooperation with the authorities, Flowers subsequently made monitored calls to Washington, in which they arranged for Flowers to sell drugs to Washington. Law enforcement agents intercepted Washington prior to the scheduled exchange, and discovered approximately $60,000 in his vehicle.

At trial, the government presented a parade of witnesses testifying pursuant to plea agreements that lured their testimony with the bait of potential sentence reductions. Flowers pleaded guilty to the conspiracy charge, and testified that he went to Houston to obtain two kilograms of cocaine, one for himself and one for Washington. He admitted that he delivered one kilogram to Washington upon returning from Houston. He also testified about his long relationship with Washington in the drug business, from an initial meeting in 1988 through the March 1997 incident.

Leonard Telford, Robert Adams, and Anthony Smith also testified pursuant to plea agreements. Telford testified that Riley told him the drugs found by the DEA in Riley's house belonged to Hogan. Adams testified that he knew Washington, Hogan and Riley to be in the business of

selling cocaine, and that he paged Washington when he wanted to buy drugs. Smith testified that he sold drugs to Hogan, and that Washington attempted to buy drugs from him but he never had any to sell at those times.

Finally, the most controversial government witness in this appeal, Darwin Rockett, also testified under a plea agreement. He averred that Hogan told him that the drugs seized from Riley's residence belonged to Hogan. He further testified that he had acted as a middleman for drug deals between Hogan and Smith, and for a 1 to 2 kilogram purchase by Hogan from Vincent Birge. Rockett denied purchasing drugs from Washington, and testified that he did not know Washington's source for drugs. He testified that he once saw Hogan and Washington engaged in a drug deal. At least some of his testimony indicated that those transactions occurred prior to the dates of the charged conspiracy which, as we stated, was from January 1996 to June 1997.

II

The defendants raise two arguments which ultimately relate to the testimony of Darwin Rockett. First, they assert that his testimony should have been excluded, and its admission constituted plain error. Second, they contend that the evidence was insufficient to support the verdict, and that their motions for judgment of acquittal or for a new trial should have been granted.

 The contention that Rockett's testimony should have been excluded is similar to an argument rejected by this Court in *United States v. Kuzniar*, 881 F.2d 466 (7th Cir.1989). In *Kuzniar*, the defendants asserted that they were entitled to a new trial based on the "inherently incredible" testimony of prosecution witness Robert Arens, Jr. *Id.* at 470. In

---

1. In addition to the conspiracy charge, Riley was also charged with possession with intent to distribute cocaine. The jury acquitted him of all those charges.

addressing defense motions for a new trial, the court considered whether "evidence was erroneously permitted to go to the jury, substantially affecting the rights of the accused." *Id.* The district court granted the motion, holding that the testimony was "unbelievable as a matter of law" and very damaging. *Id.* We reversed that decision. In discussing whether the testimony was properly presented to the jury, we declared that testimony should be excluded as incredible only where reasonable persons could not have believed it, such as where the testimony contradicts the physical laws of nature. *Id.* at 470–71. We then stated that "[i]n general, conflicting testimony or a question as to the credibility of a witness are not sufficient grounds for granting a new trial." 881 F.2d at 470. That statement was merely a recognition that credibility questions are rarely so severe as to require exclusion of the witness' testimony, and thus the inclusion of questionable testimony will seldom require a new trial. In this case, Rockett's testimony was not contrary to the laws of nature or otherwise incapable of belief. Therefore, the inclusion of that testimony was not error—plain or otherwise.

Another claim relating to Rockett's testimony, however, is not so easily dismissed. That claim is that the court should have granted Hogan's motion for a new trial. Hogan and Washington both brought motions for new trials, but because the facts are different for each defendant, we will review their claims separately.

▮▮▮ Hogan asserts that the court erred in denying his motion for judgment of acquittal, and in refusing his request for a new trial. A plethora of courts have recognized a fundamental distinction in the standards governing these two motions, and we agree with those courts. In considering a motion for judgment of acquittal, a court must view all evidence in the light most favorable to the prosecution. That is not so in weighing a motion for a new trial. In such a motion, a court may properly consider the credibility of the witnesses, and may grant a new trial if the verdict is so contrary to the weight of the evidence that a new trial is required in the interest of justice. *See* Wright, 3 FED. PRAC. & PROC. CRIM.2D § 553 (1982) and cases cited therein; 58 AM.JUR.2D NEW TRIAL § 391 (1989). The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses. This is not contrary to our holding in *Kuzniar*. We explained the distinction in *United States v. Morales*, 902 F.2d 604 (7th Cir. 1990), *modified by United States v. Morales*, 910 F.2d 467(7th Cir.1990). There, the court faced a challenge to a verdict based largely on tension between the physical evidence and the testimony of Officer Maher. We held that

> [b]ecause Maher's testimony was not inconsistent with physical reality or otherwise incredible, the judge could not, under our recent decision in *United States v. Kuzniar*, 881 F.2d 466, 471 (7th Cir. 1989), have excluded the testimony from the trial on the ground of its probably being false, or have ordered a new trial because he failed to exclude it. But the question of admissibility must be separated from that of weight. Evidence may be admissible without establishing a proposition with the degree of certainty required of the prosecution in a criminal case. If the complete record, testimonial and physical, leaves a strong doubt as to defendant's guilt, even though not so strong a doubt as to require a judgment of acquittal, the district judge may be obliged to grant a new trial.

902 F.2d at 608, *as modified by Morales*, 910 F.2d 467. Therefore, even where the evidence was properly admitted, the court in reviewing a motion for a new trial must consider the weight of the evidence, and

658

must grant a new trial if that evidence "preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir.1989). In considering the weight of the evidence, the court must necessarily consider the credibility of the witnesses. We have implicitly recognized the propriety of considering credibility in our previous cases, and many other circuits have explicitly acknowledged that courts may consider credibility in ruling on a motion for a new trial. *See Morales*, 902 F.2d at 608(stating that court must weigh the testimonial evidence); *Reed*, 875 F.2d at 114 (holding that on the facts of that case, there was no reason to second-guess the jury's credibility determinations); *see also United States v. Ruiz*, 105 F.3d 1492, 1501 (1st Cir.1997), *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992), *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir.1997), *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir.1998), *United States v. Lanier*, 838 F.2d 281, 284–85 (8th Cir. 1988), and *United States v. Evans*, 42 F.3d 586, 593 (10th Cir.1994) (all explicitly holding that a court may consider credibility in deciding a motion for new trial). Therefore, in ruling on the motion for judgment of acquittal, the court was required to consider all the evidence in the light most favorable to the prosecution; on a motion for a new trial, however, the court may reweigh the evidence, taking into account the credibility of the witnesses.

Given that standard, the district court properly rejected Hogan's motion for judgment of acquittal. The testimony by Darwin Rockett must be credited for the purpose of this motion, and that testimony is sufficient to establish the elements of a conspiracy. Specifically, Rockett's testimony establishes an agreement by Hogan with Rockett to purchase drugs from third persons such as Vincent Birge and Anthony Smith. Such an agreement among buyers to purchase drugs is sufficient to support a conspiracy conviction. *See e.g. United States v. Garcia*, 89 F.3d 362, 365 (7th Cir.1996) (agreement by one person with another to purchase cocaine from a third person held sufficient to establish a conspiracy).

Hogan's request for a new trial, however, has merit. As was stated, the district court may consider the credibility of the witnesses in determining whether a new trial is required "in the interest of justice," under Fed.R.Crim.P. 33. The district court in this case found Rockett's testimony incredible, stating "the confusion in the testimony with Rockett ... is frankly obvious. It is clear in the Court's mind that the testimony of Darwin Rockett was not clear, not convincing and, therefore, is not being considered by the Court in either the finding of guilt or in the sentencing of Washington." Dist. Ct. Op. at 4; *see also id.* at 5 & 6 (declaring that Rockett's testimony is not credible). That credibility assessment is soundly within the district court's discretion, and must be respected by this Court. Absent Rockett's testimony, however, virtually nothing links Hogan to the conspiracy. We are left only with (1) the hearsay testimony of Telford that Riley told him the drugs in Riley's home were Hogan's; (2) testimony by Adams that Washington, Hogan and Riley were in the drug business; and (3) testimony by Smith that he sold drugs to Hogan. That is woefully inadequate to support a finding of guilt on the charge of *conspiracy.* Hogan was not charged with possession of illegal drugs, after all; he was charged with conspiracy to distribute and to possess with intent to distribute. Absent Rockett's testimony, there is virtually no evidence of a conspiracy. This is one of those rare cases in which consideration of the evidence leaves a strong doubt as to the defendant's guilt of the charged offense. Therefore, given the district court's determination that Rockett's testimony was incredible and should not be considered, the jury's guilty verdict with respect to Hogan was against the manifest weight of the evidence, and the court

abused its discretion in rejecting Hogan's motion for a new trial.

 Washington also argues on appeal that he is entitled to a judgment of acquittal or a new trial based on the insufficiency of the evidence. That argument was not made in a timely manner, however, and the district court was without jurisdiction to consider it. Pursuant to Fed. R.Crim. P. 33, a motion for a new trial must be made "within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period." The only exception to that rule is for motions involving newly-discovered evidence, an exception inapplicable here. Prior to the verdict, both Washington and Hogan moved for judgment of acquittal. Hogan argued that the evidence was insufficient to submit the case to the jury. Washington's counsel, however, argued only that the evidence produced at trial was "different or at variance or beyond the scope of the indictment." The next day he renewed the motion and requested leave to submit it in writing, again arguing only that there was a variance between the indictment and the evidence. The court rejected those arguments, and the jury returned a verdict of guilt on December 8, 1997. On December 19, 1997, eleven days after the judgment, Washington filed a motion for judgment of acquittal or a new trial, raising for the first time his claim that the evidence was insufficient to support conviction. After Washington's counsel withdrew because of a conflict of interest, his new counsel filed an amended motion for a new trial or acquittal on May 26, 1998, again raising the sufficiency issue. All of those motions were filed outside the seven day time period required by Rule 33. The court did not extend the time for filing the motion within the 7–day period, and therefore the court was without jurisdiction to consider the untimely motions. We have previously emphasized that the 7–day period is jurisdictional, and that the court is without jurisdiction to consider even an amendment to a timely new trial motion if it is filed outside the seven day period, absent a timely extension by the court or new evidence. *United ed States v. Holt*, 170 F.3d 698, 702–03 (7th Cir.1999). Therefore, the district court lacked jurisdiction to consider the sufficiency issue, and we need not consider it on appeal. We note, however, that even if the claim were timely filed, it is without merit. Unlike Hogan, the evidence against Washington adequately supported the verdict even without the testimony of Rockett. Testimony by Flowers and others established that Washington entered into an agreement with Flowers to purchase drugs from a source in Houston, and did in fact do so. This agreement among buyers to purchase drugs is sufficient to support a conspiracy conviction even if only a single purchase occurs. *See United States v. Herrera*, 54 F.3d 348, 353–54 (7th Cir.1995); *United States v. Baskin–Bey*, 45 F.3d 200, 205 (7th Cir.1995). The district court did not question the credibility of Flowers, and therefore Washington could not demonstrate that a new trial was required in the interest of justice.

## III

 We are left, then, with Washington's arguments that the district court improperly enhanced his sentence for possession of a weapon and for an aggravating role in the offense under U.S.S.G. §§ 2D1.1(b)(1) & 3B1.1(c). We review for clear error his claim that the court improperly assessed the weapons possession enhancement. The gun at issue was found in Flowers' vehicle along with a kilogram of cocaine. Flowers testified that Washington sold the gun to him. We have repeatedly recognized that "[a] defendant can be held responsible for a codefendant's possession of a weapon if that possession was in furtherance of the jointly undertaken criminal activity and was reasonably foreseeable by the defendant." *United States v. Taylor*, 111 F.3d 56, 59 (7th Cir.1997), *citing United States v. Berchiolly*, 67 F.3d 634 (7th Cir.1995). That stan-

660

dard was met here. Flowers possessed the gun in the course of obtaining cocaine for himself and Washington, and that possession was certainly foreseeable by Washington because Washington sold the gun to Flowers. The district court recited those circumstances in finding that the enhancement was appropriate, and we find no error in that conclusion.

■ Washington also challenged the enhancement for his aggravating role in the conspiracy. The district court gave no reasons for its decision to impose this enhancement. The court's order rejected a proposed four-level enhancement and, citing the § 3B1.1(c) provision for a two-level enhancement, simply stated, "[s]uch an increase is warranted in this case for Washington." Later in the opinion the court summarized its conclusions. Although the court again recited the facts supporting the weapons enhancement, it still provided only a conclusion that the two-level enhancement was proper for his aggravating role. That is insufficient under Fed. R.Crim. P. 32(c)(1), which requires that the court give reasons for its decision. *See* *United States v. Taylor*, 135 F.3d 478, 483 (7th Cir.1998). Therefore, we must remand in order for the court to comply with R. 32(c)(1).

For the above reasons, we VACATE the conviction of Andre Hogan and REMAND for a new trial, and we AFFIRM the conviction of Anthony Washington but VACATE the sentence and REMAND for resentencing.