**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2006
Decided May 3, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1782

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03-CR-991 |
| CARLTON T. MCINTOSH, *Defendant-Appellant*. | James B. Moran, *Judge*. |

**O R D E R**

Carlton McIntosh was convicted under 18 U.S.C. § 751(a) of escaping from a community correctional center where he was completing a term of imprisonment for money laundering. His appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue for appeal. Our review is limited to those potential issues identified by counsel and by McIntosh in his response under Circuit Rule 51(b). *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

McIntosh and counsel first consider whether he has a nonfrivolous argument that the government failed to present sufficient evidence to convict him of escape.

At trial the government presented incident reports, testimony from a center employee, punch cards showing McIntosh's arrival and departure from the center, and head count logs that show McIntosh—whose movements to and from the center required authorization—did not return to the center after work on September 24, 2005, and was missing during later head counts. Our deferential standard of review asks whether a rational trier of fact could convict on the evidence presented. *See United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006). It could, so we agree with counsel that any argument otherwise would be frivolous.

Counsel and McIntosh next consider whether he could argue that the punch cards, incident reports, and head count logs were improperly admitted because those documents contained mistakes. For example, a center employee testified that she mistakenly recorded on a punch card that McIntosh had returned to the shelter on the day of his escape, and that she crossed out the entry when she later discovered the error. However, the government properly admitted the records, showing that the records were made by a person with knowledge, as a part of a regular business practice, contemporaneously with the acts described therein, and were authenticated. The district court stated that "some mistakes were made," but also noted correctly that those mistakes concerned "the weight that I should grant them," rather than their admissibility. Because the reports and records properly qualified for the business record hearsay exception, and the district judge understood his discretion to assign the documents their proper weight, *see United States v. Dumeisi*, 424 F.3d 566, 577 (7th Cir. 2005), any argument on this issue would be frivolous. Similarly, McIntosh urges that the documents' admission violates the proposition in *United States v. Crawford*, 541 U.S. 36 (2004), that testimonial statements must be subject to cross-examination and confrontation. But we agree with counsel that *Crawford* is not implicated here because business records are not testimonial evidence. *See id.* at 56.

McIntosh and counsel also consider a possible argument that the district court erred by failing to rule on his motion for a new trial filed nearly three months after the guilty verdict. McIntosh's motion was untimely; any motion for a new trial filed more than seven days after the verdict is too late. *See* Fed. R. Crim. P. 33(b)(2); *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005); *United States v. Washington*, 184 F.3d 653, 659 (7th Cir. 1999). Only Rule 33 motions grounded on new evidence have longer time limits. *United States v. Cavender*, 228 F.3d 792, 802 (7th Cir. 2002). We thus agree with counsel that it would be frivolous to argue that the district court should have granted McIntosh's request for a new trial.

Counsel considers whether McIntosh could argue that his sentence was unreasonable. But as counsel points out, McIntosh's sentence is presumed

reasonable because it falls within the advisory guideline range. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Indeed, one potential sentencing argument considered by both McIntosh and counsel is whether two of McIntosh's prior felonies should have been grouped as "related," *see* U.S.S.G. § 4A1.2, to reduce his criminal history by two points to thirteen. But as counsel correctly points out, even if McIntosh's criminal history score were reduced by two points, he would remain in criminal history category six, and thus any reduction in points would not affect the applicable guideline range. Similarly, McIntosh considers whether one of his prior federal convictions should have been grouped as "related" along with the two state felonies. But he waived this argument, *see United States v. Walton*, 255 F.3d 437, 441 (7th Cir. 2001), by conceding in his objections to the presentence report that grouping was not possible because of intervening arrests. *See* U.S.S.G. § 4A1.2, comment (n.3); *United States v. Morgan*, 354 F.3d 621, 623 (7th Cir. 2003). Thus, any argument on this point would be frivolous.

Next, counsel and McIntosh consider whether the district court erred by failing to reduce his offense level under U.S.S.G. § 2P1.1(b)(3), which authorizes a downward adjustment of four levels for a defendant who escapes from a halfway house, unless the defendant commits a felony while away from the facility. Counsel asserts, however, that the court properly refused to grant this adjustment. The court concluded that McIntosh was not eligible because he committed another felony—attempted bank fraud—while missing from the center. The court was justified to reach this conclusion in light of testimony that McIntosh was fraudulently attempting to open a bank account when the authorities finally caught up with him. *See* 18 U.S.C. § 1344.

We thus GRANT counsel's motion to withdraw and DISMISS the appeal.