In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1764

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff-Appellee,

v.

CARMEN FIELD, individually and d/b/a HFI,
MONA SMITH, individually and d/b/a HFI,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Indiana, South
Bend Division.
No. 98 C 281--Allen Sharp, Judge.

Argued September 28, 2000--Decided April 24,
2001

  Before MANION, ROVNER, and DIANE P. WOOD,
Circuit Judges.

  ROVNER, Circuit Judge.  The Commodity
Futures Trading Commission (the
"Commission") filed a civil complaint
against appellants and other defendants,
alleging that they defrauded participants
in two commodity pools by
misappropriating participants' funds,
misrepresenting material facts while
soliciting participants, and issuing
false statements to the pool
participants. The parties engaged in
settlement discussions, which form the
basis of this appeal. Field and Smith
contend that a binding oral agreement
resulted from those discussions, and the
Commission disputes that assertion. The
district court sided with the Commission,
and after a bench trial, found Field and
Smith in violation of antifraud and
registration provisions of the Commodity
Exchange Act including 7 U.S.C. sec.sec.
1a(4), 6o(1), 6b(a)(i), and 6b(a)(ii),
and its regulation 17 C.F.R. sec.4.20.
The district court ordered permanent
injunctive relief, enjoining Field and

Smith from further violations, and inter alia, from directly or indirectly soliciting or accepting funds in connection with the sale of a commodity futures contract, trading commodity futures or commodity options for their own accounts or on their behalf, or controlling or directing commodity futures trading. They were further ordered to disgorge their ill-gotten gains in the amount of $880,811, and Smith was additionally ordered to disgorge the sum of $146,154. The court also ordered Field and Smith to pay restitution totaling $1,026,965.15 to certain investors, and Field was ordered to make further restitution of $234,561.52 to other investors. The appellants moved for a new trial, asserting that the district court erred in ruling that there was no settlement agreement, and in failing to at least grant an evidentiary hearing on the issue. The court denied the motion, and they now raise those same issues on appeal.

Appellants maintain that an oral settlement agreement was reached with the Commission as a result of a settlement conference on June 9, 1999 with Magistrate Judge Pierce, approximately a month before his untimely death. We need not explore the contours of that alleged agreement, however, because it is clear that the attorneys representing the Commission at that conference were without authority to enter into any binding settlement agreement, and therefore no enforceable agreement could have resulted from that conference. The sequence of events makes that crystal clear.

In the order scheduling the settlement conference, the magistrate judge required that, unless excused by the court in advance, persons possessing final decision-making authority with respect to settlement had to attend the settlement conference. In response to that order, the attorneys for the Commission sent a letter to the magistrate judge requesting an exception to that requirement. The letter explained that the Commission prosecutes actions through its Division of Enforcement (the "Division"), but that the Division does not possess independent settlement authority. Instead, the Division "presents executed offers of

settlement to the Commission with specific recommendations that any such offer be accepted or declined, and in the case of federal litigation, to grant the Division authority to enter into the proposed settlement." CFTC requested that it be allowed to work within that framework, and specifically requested that it "be allowed to participate in the settlement conference with a Division attorney possessing authority to negotiate the terms of a settlement that the Division will affirmatively recommend the Commission accept." The magistrate judge granted that request to modify the usual requirement that someone with final authority to settle be present, and issued an order tracking the language requested by the Commission allowing participation by persons with authority to negotiate terms that would be recommended to the Commission.

It is well settled that a settlement on behalf of the United States may be enforced only if the person who entered into the settlement had actual authority to settle the litigation. United States v. LaCroix, 166 F.3d 921, 923 (7th Cir. 1999); Urso v. United States, 72 F.3d 59, 60 (7th Cir. 1995). That stands in contrast to settlement of cases by private parties, where apparent authority may be sufficient to bind a litigant. See Pohl v. United Airlines, Inc., 213 F.3d 336 (7th Cir. 2000). The sequence of events recited above leaves no doubt that the attorneys who engaged in the settlement discussion on behalf of the Commission lacked the actual authority to bind the government, a fact that should have been clear to appellants as well given the letter from the Commission and the magistrate judge's subsequent order allowing the participation of the Division attorneys even though they lacked final authority to settle. The appellants seem to misread the Commission's statement that the attorneys would have the authority to negotiate, as somehow implying that they had authority to finally settle the case. That reading defies the plain language of the letter and the magistrate judge's order. Because the Division attorneys lacked the actual authority to settle the case, no agreement reached with them at the settlement conference is binding on the government. We note in passing that even if they had the authority to settle, it

is fairly clear from the record that no settlement was actually reached at that conference, but that step we need not take given their lack of authority to enter into a binding settlement agreement in the first place. For the above reasons, the decision of the district court is AFFIRMED.