In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-4088

RONALD D. SMART, doing business
as PASCHALL ELECTRIC,

*Plaintiff-Appellant*,

*v.*

LOCAL 702 INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, CHRISTOPHER
N. GRANT AND SCHUCHAT, COOK & WERNER,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 07 C 94—**David R. Herndon**, *Chief Judge*.

MOTION TO COMPEL PAYMENTS OF COSTS

JULY 22, 2009

Before RIPPLE, KANNE and TINDER, *Circuit Judges*.

PER CURIAM. This matter is before us on the plaintiff's motion to compel the payments of costs. For the reasons set forth in this opinion, we grant the motion. The

defendants are ordered to pay the costs previously ordered by this court forthwith.

**A.**

Ronald Smart is the proprietor of a non-union company that contracted to perform certain electrical work in the construction of a sports complex. Mr. Smart alleged that, subsequently, the International Brotherhood of Electrical Workers, Local 702, coerced the owner of the sports complex to terminate the contract by threatening to withhold services if the owner did not employ union workers instead of Mr. Smart. Mr. Smart alleged that he was fired and that the owner hired a company affiliated with the union in his stead. He brought an action in the district court for alleged violations of the Illinois Antitrust Act, 740 ILCS 10/3. In the same action, he also brought a claim against the union, its law firm and one of the firm's attorneys for unwarranted prosecution. Finally, he brought another claim against the law firm and the attorney for legal malpractice. The defendants moved to dismiss the complaint as preempted by the National Labor Relations Act, as barred by judicial estoppel, and as failing to state a claim upon which relief can be granted. The district court granted the motion, holding that the antitrust claim was preempted, and that, with regard to the two state-law claims, Mr. Smart had pleaded himself out of court. The district court then awarded the defendants $762.62 in costs incurred in the district court.

On appeal, we held that Mr. Smart's state antitrust claim was completely preempted, but, because the facts

alleged in his complaint included an allegation of secondary boycott activity for which relief is available under 29 U.S.C. § 187, that claim was remanded for evaluation under the appropriate federal standard. We affirmed the dismissal of the state-law claims. Our opinion provided that Mr. Smart may recover his costs in this court, and, in due course, we permitted Mr. Smart's bill of costs, which he initially had filed, erroneously, in the district court, to be filed instanter.

Mr. Smart was awarded $741.43 in costs incurred in this appeal. When he attempted to collect those costs, however, counsel for the defendants informed him that, because the district court had awarded the defendants $762.62 in costs incurred there, he owed the difference of $21.19. Mr. Smart moved to compel the payment of costs, and we called for a response from the defendants, which has now been filed.

**B.**

Although they did not file a petition for rehearing to make this argument, the defendants now contend that Mr. Smart "is not a successful appellant." Resp. at 5 ¶ 5. In their view, because the judgment of the district court was affirmed in all respects as to the law firm and the attorney, those two defendants were prevailing parties. The defendants also contend that the union is a prevailing party because Mr. Smart also made an unsuccessful claim against it for unwarranted prosecution. It is too late to make these arguments now. In any event, we believe that our original award of costs was a permissible exercise of our discretion.

The defendants further submit that they have not refused to pay the plaintiff's costs in accordance with the bill of costs issued by this court. They claim that they simply asked Mr. Smart to first pay the costs to the clerk of the district court taxed in the defendants' favor in the case below. The matter of costs in this court is a free-standing obligation. It must be paid now. The matter of costs in the district court is not a matter properly before this court now. We point out, however, that Federal Rule of Civil Procedure 54(d) provides that costs may be awarded to a "prevailing" party. *See* Fed. R. Civ. P. 54(d). A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief. *See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (applying "substantial relief" standard); *Zessar v. Keith*, 536 F.3d 788, 796 (7th Cir. 2008) (discussing, in an analogous context of an award of fees under § 1988, the need for a judgment to be "final" in order to be considered a "prevailing party"). A final judgment is one that resolves all claims against all parties. *Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004).

We remanded one of the claims against the defendant union to the district court for further proceedings. In light of this action, the district court now must revisit the matter of costs and enter a new determination. *See Furman v. Cirrito,* 782 F.2d 353, 355 (2d Cir. 1986) ("When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated."); *In re Smith*, 876 F.2d 524, 527 (6th Cir. 1989) (stating that "when a judgment is reversed on appeal, any taxation of costs is

also automatically vacated" and citing *Furman*); *cf. State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 723 (9th Cir. 2005) (observing that "we cannot tell the extent to which our reversal of the [one] claim might affect the district court's prevailing party calculus" and therefore vacating an award of costs). The district court has the authority to enter a partial final judgment if the court determines that there is no just reason for delay, *see* Fed. R. Civ. P. 54(b), or it may defer action until it adjudicates the remaining claim of Mr. Smart against the union. The defendants may yet prevail on all of their claims—and may be awarded costs, including those in the bill of costs submitted in December 2007—once a new final judgment is entered. For the present, however, there is no operative bill of costs in the district court which could be set off against those awarded to Mr. Smart in this appeal.

Accordingly, the defendants shall pay *forthwith* the costs assessed on appeal to Mr. Smart.

IT IS SO ORDERED.