Dominick URSO, et al., Plaintiffs–
Appellees, Cross–Appellants,

v.

UNITED STATES of America,
Defendant–Appellant,
Cross–Appellee.

Nos. 95–1282, 95–1387.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 9, 1995.

Decided Dec. 14, 1995.

Rehearing Denied Jan. 2, 1996.

Joseph A. Longo (argued), Mt. Prospect, IL, for Plaintiffs–Appellees in both cases.

Gary R. Allen, Kenneth L. Greene, William J. Patton (argued) Department of Justice, Tax Division, Appellate Section, Washington, DC, for Defendant–Appellant in No. 95–1282.

Gary R. Allen, Kenneth L. Greene, William J. Patton (argued), Department of Justice, Tax Division, Appellate Section, Washington, DC, Eugene J. Rossi, Barbara E. Seaman, Department of Justice Tax Division, Appellate Section, Washington, DC, Thomas P. Walsh, Office of the United States Attorney, Civil Div., Chicago, IL, for Defendant–Appellee in No. 95–1387.

Before CUMMINGS, WOOD, Jr., and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Dominick Urso and his wife Leonarda Urso operate a landscaping business through their corporation, Dominick Urso Landscaping. Separate audits of the Ursos and their corporation—conducted by different auditors—reached inconsistent conclusions about the proper tax treatment of their financial affairs. Extended administrative proceedings, followed by this suit seeking a refund, resolved most issues in favor of the corporation, and the Commissioner accepts that decision. Now the inconsistency has been reversed. For example, the corporation was allowed to treat a $24,000 payment to the Ursos as an ordinary and necessary business expense, but the Ursos have not reported the transfer as income or paid tax on it. The IRS believes that it is entitled to collect and filed a counterclaim; the Ursos disagree, and

the jury backed them up. Their theory is that a post-audit examination of their returns for 1984 and 1985 created a binding contract, closing those tax years to all further dispute; and the fact that they failed to inform the examiner about the $24,000 payment is just a tough break for the collectors of the revenue, which the IRS could have avoided by assigning the individual and corporate returns to a single person. The dispute as it comes here also entails fraud penalties and other items that the Ursos say were extinguished by a form the examiner signed memorializing her conclusions.

Before, during, and after the trial, the IRS insisted that the examiner lacked authority to make a promise binding the United States. That power is reposed in the Secretary of the Treasury, 26 U.S.C. §§ 7121, 7122, who has delegated it to several classes of employees—all superior in the bureaucratic hierarchy to examiners. See Delegation Order No. 11 (Rev.19), 1989–38 I.R.B. 4; Delegation Order No. 97 (Rev. 31), 1992–2 C.B. 357. Apparently the district judge thought that the scope of an examiner's authority is a question to be resolved at trial, in light of the parties' dispute. Yet the meaning of a regulation is a question of law for the court, not of fact for the jury. *Bammerlin v. Navistar International Transportation Corp.*, 30 F.3d 898, 900–01 (7th Cir.1994).

An examiner just can't compromise a tax claim or close a tax year to further examination. An examiner may approve a refund (as this one did), and any examiner who does so will file a report explaining why (as this one did, on Form 4549, "Income Tax Examination Changes"), but most refunds are provisional. Only a closing agreement signed by a person authorized to ink such pacts, the expiration of the statute of limitations, or the disposition of litigation brings the process to a guaranteed end. Apparent authority is not enough to bind the federal government to a contract; unless the agent had actual authority, any agreement is ineffectual. See *United States v. Beebe,* 180 U.S. 343, 351–55, 21 S.Ct. 371, 374–76, 45 L.Ed. 563 (1901); *Stone v. Bank of Commerce,* 174 U.S. 412, 19 S.Ct. 747, 43 L.Ed. 1028 (1899).

The Supreme Court applied this principle to taxes in *Botany Worsted Mills v. United States*, 278 U.S. 282, 288–89, 49 S.Ct. 129, 131–32, 73 L.Ed. 379 (1929). See also, e.g., *Brubaker v. United States*, 342 F.2d 655, 662 (7th Cir.1965); *Brooks v. United States*, 833 F.2d 1136, 1146 (4th Cir.1987).

■ Instead of responding to the Commissioner's argument about the limits of examiners' authority, the Ursos submit that their adversary forfeited this contention by failing to develop it at trial. The United States moved for judgment as a matter of law at the close of the Ursos' case, and again at the close of the trial. It did not support these motions with argument, and the Ursos insist that Fed.R.Civ.P. 50(a)(2), which says that the "motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment", bars appellate review. The United States responds that it did not argue the motions because the district judge cut its lawyer off, denying the motions for the same reason the judge had refused to grant summary judgment. The transcript does not reveal whether the judge preempted argument (that depends on whether body language suggested to the judge that the single sentence the attorney got out on each occasion was the only one he planned to speak), but we do know that the district judge addressed the merits on post-judgment motions. He did not think that anything had been forfeited. Rule 50 is designed to flush out reasons so that errors may be prevented without the need for appellate intervention. Arguments based on the extent of an examiner's authority were forcefully presented to the district court, so the function of Rule 50 has been served and the issue preserved for appeal.

■ The Ursos repackage their submission as a contention that this court lacks jurisdiction, but we do not follow the argument. The United States' post-trial motion was timely because it was served within 10 days of the judgment, see Fed.R.Civ.P. 50(b), 59(b), and the notice of appeal was filed within 60 days of the order denying the motion. A post-trial motion need not be meritorious to extend the time for appeal under Fed.R.App.P. 4(a)(4), and the date on which the motion is argued in the district court is irrelevant to appellate jurisdiction.

■ At oral argument in this court, counsel for the Ursos suggested that the District Director, who is authorized to make a closing agreement, may have approved the examiner's report. Nothing in the record supports this assertion. The form was not signed by the District Director. Although the form may have passed through the District Director's office on the way to the check-writing staff, approval of an examination for the purpose of issuing a refund check differs from approval for the purpose of foreclosing any later examination of the tax year. Junior employees of the Internal Revenue Service approve many refunds. Before cutting checks, they make inquiry and conclude that the refunds are warranted; but refunds do not bar later review by higher officials. If equated to closing agreements, refunds would be exceedingly hard to come by. There is plenty of molasses in the gears of the IRS without creating a powerful incentive to withhold refunds until completing the procedures that precede closing a tax year. At all events, a paper's passing through the District Director's office is some distance from receiving the District Director's approval. Of that, there is no evidence, and we conclude after reviewing the post-argument memoranda that the Ursos had an adequate opportunity to discover such approval, if it existed.

■ By cross-appeal, the Ursos and Urso Landscaping seek an award of attorneys' fees under 26 U.S.C. § 7430, which authorizes fee-shifting when the government loses after taking a position that was not substantially justified. The United States has prevailed against the Ursos. As for Urso Landscaping, which won in the district court: we cannot tell why the district judge denied the request, because Urso Landscaping has not furnished us with the judge's explanation, as Circuit Rule 30 requires. For more than 35 years, this court has declined to entertain appeals when the appellant does not file a required appendix. See *United States v. Gomez*, 24 F.3d 924, 928–29 (7th Cir.1994);

*Mortell v. Mortell Co.,* 887 F.2d 1322, 1327 (7th Cir.1989); *Teitelbaum v. Curtis Publishing Co.,* 314 F.2d 94, 95 (7th Cir.1963); *Sparrow v. Yellow Cab Co.,* 273 F.2d 1 (7th Cir. 1959); *Chicago & Eastern Illinois Railroad v. Southern Ry.,* 261 F.2d 394, 400 (7th Cir. 1958). Appellate review of decisions under § 7430 is deferential, see *Wilfong v. United States,* 991 F.2d 359, 364 (7th Cir.1993), and we can hardly decide whether a judge has abused his discretion without knowing why he exercised it as he did.

On the United States' appeal, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. The district court should resolve any remaining questions concerning the Ursos' personal tax liability for 1984 and 1985, without regard to the examiner's calculations. On the cross-appeal, the judgment is affirmed.