In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3540

MICHAEL R. MEJIA,

*Plaintiff-Appellant,*

*v.*

COOK COUNTY, ILLINOIS, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 6214—**Joan Humphrey Lefkow**, *Judge.*

ARGUED FEBRUARY 23, 2011—DECIDED APRIL 22, 2011

Before KANNE, WOOD, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Michael Mejia sued Cook County and a number of its jail officer-employees under 42 U.S.C. § 1983, claiming that the officers used excessive force against him in violation of his constitutional rights. His case proceeded to trial, where a jury returned a verdict against him. After the verdict, Mejia filed a motion for a new trial, which the district court ultimately denied. In this appeal, Mejia contends that the district court applied an

incorrect standard of law in ruling on his motion for a new trial and that this error requires—at the least—vacatur and remand for reconsideration under the correct standard.

Mejia's excessive force complaint stems from a single incident that occurred on October 9, 2005, at the Tier BJ section of the Cook County Jail. On that day, inmate Mejia was resting on the floor of a cell, recovering from medical complications related to a lung infection. What happened next is sharply disputed by the parties, and both sides' versions of events were steeped with inconsistencies. Several jail officers claimed that a Tier BJ officer, Kachet Edwards, sent out a distress call when she was surrounded by inmates housed near Mejia, but Edwards ultimately denied ever being in distress that day. After a number of officers arrived to allegedly assist Edwards, a shake-down—a search of the inmates and their living units—was initiated. The officers contended that Mejia was disobedi-ent when ordered to rise and face the wall during the shakedown. Some officers testified Meija went so far as to try to punch one of the officers, while another officer stated that Mejia never swung a punch at all. Multiple officers claimed that Mejia was struck in an effort to restrain his attack on another officer, while others stated that he was never struck at all. Mejia himself testified that a glut of officers severely beat him over an extended period, a claim supported by similarly conflicting testimony from other inmates. Following the incident, Mejia received medical care for his injuries; the doctor's report and subsequent testimony indicated that Mejia suffered minor-to-moderate contusions, lacerations, and bruising to his face and torso.

The jury found against Mejia, and Mejia moved for a new trial. As relevant here, Mejia argued that a new trial was warranted because the verdict was against the manifest weight of the evidence. The district court conceded that the weight of the evidence (but maybe not the *manifest* weight, as we shall see) swung against the County, but held that it could not set aside the verdict on weight-of-the-evidence grounds "unless the testimony is such that reasonable persons could not believe it, because it contradicts indisputable physical facts or laws." Expressing the belief that it was bound by this language, the court denied Mejia's motion.

The Supreme Court has long recognized that a district court can grant a motion for a new trial if the verdict was against the weight of the evidence. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 540 (1958); *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). In passing on a motion for a new trial, the district court has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial. *See, e.g., Byrd*, 356 U.S. at 540 ("The trial judge in the federal system has powers denied the judges of many States to comment on the weight of evidence and credibility of witnesses . . . ."); *United States v. Washington*, 184 F.3d 653, 658 (7th Cir. 1999) ("In considering the weight of the evidence, the court must necessarily consider the credibility of the witnesses."); *Bob Willow Motors, Inc. v. Gen. Motors Corp.*, 872 F.2d 788, 798 (7th Cir. 1989) ("In ruling on a motion for a new trial, the judge

may consider the credibility of witnesses, the weight of the evidence, and anything else which justice requires."). If, after evaluating the evidence, the district court is of the opinion that the verdict is against the manifest weight of the evidence, a new trial is appropriate.[1] *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006).

The "indisputable facts" language applied by the district court here does have a place—albeit a limited one—in a court's consideration of a motion for a new trial on weight grounds. In conducting its own assessment of the evidence presented, the district court cannot remove a piece of evidence from the calculus merely because the court believes it was not credible and then, with that piece excluded, grant a motion for a new trial because the verdict is now against the weight. *Latino v. Kaizer*, 58 F.3d 310, 315–17 (7th Cir. 1995). In weighing the facts, the district

---

[1] The district court's power to grant a new trial on weight grounds is not unlimited: a certain deference to the jury's conclusions is appropriate. *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008); *Foster v. Cont'l Can Corp.*, 783 F.2d 731, 735 (7th Cir. 1986). This deference is encompassed within the manifest weight standard, which balances "a decent respect for the collective wisdom of the jury" against a duty not to "approve miscarriages of justice." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2806, at 74 (2d ed. 1995). "Only when a verdict is contrary to the manifest weight of the evidence should a motion for a new trial challenging the jury's assessment of the facts carry the day." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000).

court is bound to the same evidence the jury considered, and can strike a piece of evidence from its weighing process only if "reasonable persons could not believe" it because it "contradicts indisputable physical facts or laws." *Id.* at 315. Put simply, if the evidence was admitted before the jury, the district court is usually stuck with it in ruling on a motion for a new trial, for better or worse.

The question of admissibility, however, is analytically distinct from the question of weight. The "indisputable facts" language applies only when the district court seeks to *remove* evidence from the weighing process; the language has no application when the court merely *weighs* the evidence itself. *See Washington*, 184 F.3d at 657–58; *United States v. Morales*, 902 F.2d 604, 608 (7th Cir.), *amended*, 910 F.2d 467 (7th Cir. 1990). As far as we can tell, the district court never sought to exclude evidence from the calculus here, so the rigorous "indisputable facts" language should not have been included in its analysis.

While this distinction may seem overly technical, it is anything but. A motion for a new trial can be granted when the district court—in its own assessment of the evidence presented—believes that the verdict went against the manifest weight. *Cefalu*, 211 F.3d at 424. On the other hand, a motion for a judgment as a matter of law can be granted only if the court—after viewing the evidence in the light most favorable to the non-movant—believes that the evidence "supports but one conclusion—the conclusion *not* drawn by the jury." *Ryl-Kuchar v. Care Ctrs., Inc.*, 565 F.3d 1027, 1030 (7th Cir. 2009). Indiscriminate application of the "indisputable facts" language would elevate the

standard for a motion for a new trial to something approximating the standard applied to a motion for judgment as a matter of law. The standards applied to these two motions differ significantly, so much so that a motion for a new trial may be granted even if a motion for judgment as a matter of law must be denied. *See Smart Mktg. Grp. v. Publ'ns Int'l Ltd.*, 624 F.3d 824, 832 (7th Cir. 2010).

Because our review of the standard of law applied in a motion for a new trial is plenary, *Baptist v. City of Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007), the use of the wrong standard would normally make a remand appropriate. The County claims, however, that the district court's discussion of the "indisputable facts" language was an afterthought in its analysis. The court generally applied the proper standard, says the County, and thus any error was harmless. But the district court did not merely mention the "indisputable facts" language in passing; it specifically held that it could not grant a motion for a new trial unless that language was satisfied. Applying that language, the district court appeared to view the evidence in the light most favorable to the County (rather than neutrally), concluding that the verdict could not be set aside unless the evidence supporting it was impossible. The court went on to note that the facts here were similar to the facts in another case, *Ruffin v. Fuller*, 125 F. Supp. 2d 105 (S.D.N.Y. 2000), but because the Southern District of New York was not bound to the standard employed in the Seventh Circuit, the district court could not grant the motion for a new trial. This discussion makes clear that the district court wrongly believed that its power to weigh the evidence was limited by the "indisputable facts" language.

The County also seems to claim that any remand would be futile, as the district court could not grant a motion for a new trial on the facts here without abusing its discretion. We do not reach that conclusion as this case stands, and express no opinion as to the correct outcome on remand. We note only that, once the district court applies the correct law, its discretion is wide and our review deferential. *See*, *e.g.*, *Aldridge v. Forest River, Inc.*, No. 10-2193, 2011 WL 781469, at *5 (7th Cir. Mar. 8, 2011); *Arreola v. Choudry*, 533 F.3d 601, 605 (7th Cir. 2008). While we do not abjectly defer to the district court's judgment, "it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both." *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996) (emphasis omitted).

In a similar vein, Mejia argues that, because the district court already concluded that the verdict was against the weight of the evidence, it would be proper for us to vacate the district court's decision and remand with an order to grant his motion for a new trial. But the district court never concluded that the verdict was against the *manifest* weight of the evidence; it observed only that the evidence tended to favor Mejia, given the inconsistencies in the officers' testimony and the medical evidence presented at trial. Maybe this observation indicates that the district court would grant the motion for a new trial under the proper standard, and maybe not. The outcome in this case is not certain.

In the end, the district court is in the best position to evaluate the evidence and determine whether the verdict

was against the manifest weight; it heard the witnesses testify, saw the evidence presented, and gained a better appreciation of the nuances of the case than could be gleaned from a cold, written record. *Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004); *Valbert v. Pass*, 866 F.2d 237, 239 (7th Cir. 1989). We accordingly vacate the district court's denial of Mejia's motion for a new trial and remand the case for reconsideration under the proper standard of law.

VACATED AND REMANDED