NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 3, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2333

| | |
|---|---|
| RONALD M. GOLDBERG, *Petitioner-Appellant,* | Appeal from the United States Tax Court. |
| *v.* | No. 14294-13L |
| COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee.* | Richard T. Morrison, *Judge.* |

## O R D E R

Ronald Goldberg seeks review of a judgment from the United States Tax Court upholding a lien on his property for the collection of delinquent federal income taxes and interest. He argues that a tax examiner bound the IRS not to collect interest on his tax debt and unduly prolonged his audit, and so he is entitled to abatement of interest.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because the Tax Court correctly ruled that the IRS had not contracted to refrain from collecting interest, and no other circumstances warranted abating interest, we affirm.

For 20 years Goldberg has clashed with the IRS over unpaid taxes and interest. In 2003, following a criminal investigation of his business, Goldberg reached a civil settlement with the IRS to pay back taxes. See *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018). Three years later, the IRS began to audit his 2004 income tax return and in 2011 found a tax-payment deficiency of nearly $47,000. A tax examiner reported this finding on the IRS's Form 4549, "Income Tax Examination Changes." The form indicated that zero interest had been computed at that time. Goldberg signed this form, giving his "consent to the "immediate assessment and collection of any increase in tax and penalties … plus additional interest as provided by law." When Goldberg did not pay his tax debt within three months, the IRS assessed interest for 2004 through 2011, bringing the total outstanding balance to nearly $68,000. Goldberg paid only $50,000. Although this payment did not extinguish his debt, Goldberg nonetheless filed for a tax refund contending that he had *overpaid*. He argued that the IRS had agreed not to charge interest when it sent him its findings that did not compute interest then owed, so he continued, any interest had been assessed in error.

As a result of Goldberg's outstanding debt, in 2012 the IRS imposed a lien on his property for the unpaid interest—by then $17,000—and Goldberg contested the lien. He requested a hearing and raised two arguments about the interest. First, he insisted that in the consent form that he signed, the examiner who determined his tax liability agreed to limit his liability to $47,000; therefore, when the IRS later assessed interest, it breached its contract. Second, he contended that the examiner had taken too long to complete the audit, and so he argued he deserved an abatement of interest attributable to that delay. See I.R.C. § 6404(e)(1) (authorizing abatements of interest that arise from IRS's errors or unreasonable delays). After the hearing, the IRS upheld the lien but did not reach either argument about the interest. Goldberg appealed to the Tax Court, which remanded for consideration on the merits of his request for abatement under I.R.C. § 6404(e)(1). On remand, the IRS granted Goldberg an abatement for April to August 2011, during which time the IRS had stipulated to an abatement.

Goldberg again petitioned the Tax Court for relief. This time it held a trial to consider his argument that the IRS had contracted with him not to assess any interest on his back taxes. Goldberg's tax examiner testified that the lack of an interest computation on Form 4549 was provisional; the IRS planned to assess interest once Goldberg consented to the underlying debt and interest, as he later did by signing the form. She

also disputed Goldberg's claim that, during 22 periods reflected in her time logs, she simply sat on his file. She testified that she worked diligently throughout; any delays reflected the complexity of Goldberg's case, how quickly he provided documents, and the IRS's decision to prioritize other cases. The Tax Court ruled that, by signing the consent, Goldberg had agreed to the collection of penalties and interest under I.R.C. § 6601, and that the examiner had not unduly delayed the audit. It therefore upheld both the interest assessment and the limited abatement.

Goldberg now petitions for review of the Tax Court's decision. He reiterates his contentions that the IRS contracted with him to assess no interest on his balance and that he was entitled to further abatements because of the tax examiner's delays during his audit. We review Tax Court judgments "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a)(1). Goldberg's argument about the existence or meaning of a contract is a question of law, which we review de novo. See *Krukowski v. Comm'r*, 279 F.3d 547, 550 (7th Cir. 2002). We review the denial of his request for further interest abatements for abuse of discretion, *Kindred v. Comm'r*, 454 F.3d 688, 694 (7th Cir. 2006), and any factual determinations underlying that ruling for clear error. See *Cole v. Comm'r*, 637 F.3d 767, 774 (7th Cir. 2011).

We reject Goldberg's argument that the IRS agreed in Form 4549 that it would not collect interest on the tax debt that he owed. Form 4549 merely reported a proposed tax debt, see *Jacobsen v. Comm'r*, 950 F.3d 414, 416 (7th Cir. 2020), by a tax examiner who "lacked authority" to bind the government to a contract. *Urso v. United States*, 72 F.3d 59, 60 (7th Cir. 1995). Furthermore, Goldberg explicitly consented on the form to pay the IRS "additional interest as provided by law." Thus, the Tax Court correctly ruled that Form 4549 did not bind the agency against assessing interest—to the contrary, Goldberg committed himself to pay lawful interest.

Goldberg's arguments for further abatements also lack merit. The IRS may abate an assessment of interest that is attributable to an unreasonable error or delay by an IRS employee—but only if "no significant aspect of such error or delay can be attributed to the taxpayer." I.R.C. § 6404(e)(1). Here, the Tax Court reasonably rejected Goldberg's claim that, in his view, "intentional, flagrant delays" during 22 periods of the audit required an abatement. For periods 1 to 21, Goldberg criticized without support his examiner's qualifications and professionalism. The Tax Court, however, reasonably credited the examiner's explanation, supported by her work logs, that the audit's length resulted from the complexity of the case and delays attributable to Goldberg. See *Ballard*

*v. Comm'r*, 544 U.S. 40, 60 (2005). Although the examiner at times turned to matters that the agency deemed higher priority, such prioritization is not the type of "unreasonable error or delay" for which § 6404(e) provides a remedy. *Hinck v. United States*, 550 U.S. 501, 503 (2007); see *Estate of Kunze v. Comm'r*, 233 F.3d 948, 950 n.1 (7th Cir. 2000). For period 22, Goldberg argues that he did not promptly pay the balance of his interest because the IRS delayed processing his refund request—a delay that he calls "erroneous or dilatory" under § 6404(e)(1)(B). But Goldberg provided no evidence that he was ready to pay the balance and only the IRS's handling of his refund request postponed his payment. The Tax Court thus permissibly discredited as unsubstantiated Goldberg's assertion about period 22. See *Cole*, 637 F.3d at 773.

AFFIRMED